UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MANUELLA MENARD SANTISTEVAN, | * | CIV 05-3002 |
| Plaintiff, | * | |
| -vs- | * | OPINION AND ORDER |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff instituted this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, arising out of alleged medical malpractice of a physician at an Indian Health Services (IHS) facility on the Rosebud Indian Reservation in South Dakota. The United States filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56 based upon plaintiff's failure to timely disclose a medical expert to substantiate her claim of medical malpractice. The plaintiff filed a motion to extend the discovery deadline and the deadline for disclosure of expert reports.

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Donaho v. FMC Corp., 74 F.3d 894, 898 (8th Cir. 1996). Defendant is entitled to summary judgment if plaintiff fails "to establish the existence of an element essential to" the plaintiff's case on which the plaintiff "will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the [plaintiff's] case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "A material fact dispute is genuine if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." Landon v. Northwest Airlines, Inc., 72 F.3d 620, 634 (8th Cir. 1995). In considering the motion for summary judgment, this court must view the facts in the light most

favorable to plaintiff and give plaintiff the benefit of all reasonable inferences that can be drawn from the facts. Donaho, 74 F.3d at 897-98.

The basis of the defendant's motion for summary judgment is the plaintiff's failure to disclose an expert witness. "In a medical malpractice case, plaintiff has the burden to show whether the 'doctor deviated from the required standard of care.'" Schrader v. Tjarks, 522 NW2d 205, 210 (SD 1994).

> It is well-settled law in South Dakota that negligence in medical malpractice cases must be established by the testimony of medical experts unless the subject of the testimony is "within the common knowledge and comprehension of persons possessed of ordinary education, experience and opportunity." *Magbuhat v. Kovarik*, 382 N.W.2d 43, 46 (S.D.1986). *See Carlsen v. Javurek*, 526 F.2d 202, 207-08 (8th Cir.1975); *Appeal of Schramm*, 414 N.W.2d 31, 36 (S.D.1987); *Van Zee v. Sioux Valley Hospital*, 315 N.W.2d 489, 492 (S.D.1982); *Block v. McVay*, 80 S.D. 469, 474, 126 N.W.2d 808, 810 (1964) (overruled in part on other grounds in *Shamburger v. Behrens*, 380 N.W.2d 659 (S.D.1986)); *Hansen v. Isaak*, 70 S.D. 529, 533, 19 N.W.2d 521, 522-23 (1945); *Myrlie v. Hill*, 58 S.D. 330, 336-337, 236 N.W. 287, 290 (1931); *Kelley v. Hollingsworth*, 44 S.D. 23, 29, 181 N.W. 959, 961 (1921). The expert testimony requirement applies not only when establishing alleged deviations from the standard of care, it also applies when proving the essential element of causation. *Lohr v. Watson*, 68 S.D. 298, 2 N.W.2d 6 (1942). *See Podio v. American Colloid Co.*, 83 S.D. 528, 162 N.W.2d 385 (1968); *Howe v. Farmers Cooperative Creamery of Madison*, 81 S.D. 207, 132 N.W.2d 844 (1965); *Campbell v. City of Chamberlain*, 78 S.D. 245, 100 N.W.2d 707 (1960); Annot., 13 A.L.R.2d 11, 31 (1950); 61 Am.Jur.2d, Physicians and Surgeons § 348 (1981).

Koeniguer v. Eckrich, 422 NW2d 600, 606 (SD 1988) (Wuest, Chief Justice, dissenting).

Plaintiff contends that this is a clear case of "wrong site" surgery and that expert testimony is not required to establish negligence. I agree. Expert evidence is not required to establish negligence if a physician operates on the wrong site. Magbuhat v. Kovarik, 382 NW2d 43, 46 (SD1986) (" testimony of lay witnesses could establish that the wrong knee was treated.") This is a case where negligence and causation are within the common knowledge and comprehension of lay persons. Expert testimony is not required in order to establish plaintiff's medical malpractice claim. Genuine issues of material fact exist and summary judgment is not appropriate.

Plaintiff asserts that, if expert medical testimony is required, she should be allowed to have the expert disclosure and formal discovery deadlines extended. Expert evidence is not required to establish plaintiff's negligence claim. However, it is prudent to name medical fact witnesses as experts so as not to limit their testimony at trial.

Based upon the foregoing,

IT IS ORDERED:

1. The United States' motion, Doc. 24, for summary judgment is denied.

2. The plaintiff's motion, Doc. 29, to extend the discovery and expert witness deadlines is granted. The dates shall be set after consultation with counsel at the pretrial conference scheduled for June 8, 2007.

Dated this 7th day of June, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                DEPUTY
(SEAL)