UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION



FILED
JUL 27 2009

*********************************************************************
| MANUELLA MENARD SANTISTEVEN, | * | CIV 06-3002 |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| -vs- | * | |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |
*********************************************************************

After a court trial, the court awarded plaintiff $20,000.00 "with taxable costs." See Doc. 85.

The plaintiff has filed what is called an "application for attorneys (sic) fees and additional costs as prevailing party under 28 U.S.C. §2412" (Doc. 89) with a supporting memorandum of law (Doc. 91). Plaintiff also filed an "application for attorneys (sic) fees and taxable costs" (Doc. 88) and "plaintiff's motion for attorneys (sic) fees and additional costs as prevailing party under 28 U.S.C. §2412" (Doc. 90). Plaintiff seeks a recovery of $22,072.75 in attorney fees. The government filed a memorandum in opposition to the motion for attorney fees and expenses (Doc. 94).

Plaintiff filed a bill of costs (Doc. 92) seeking claimed taxable costs of $8,036.31. Plaintiff also filed "plaintiff's application for taxation of costs" (Doc. 87) seeking $10,801.11. The government objected (Doc. 93) to various items included in the bill of costs. The Clerk allowed taxable costs of $861.55 (Doc. 95).

We start with the elementary proposition that attorney fees are not taxable costs. The waiver of sovereign immunity in the Federal Tort Claims Act ("FTCA") is to be construed narrowly. There is no provision in the FTCA for attorney fees other than as applied as a percentage of the recovery. Were this a civil case against a private party, attorney fees would not be permitted under South Dakota law. Pursuant to Section 2412(b) of the Equal Access to Justice Act (EAJA), the government is liable for such fees and expenses "to the same extent that any other party would be liable under the common

law or under the terms of any statute which specifically provides for such an award." South Dakota, as noted, follows the American Rule which requires each party (with certain exceptions not applicable here) to be responsible for such party's own attorney fees.

The recovery here was based upon a tort. Attorney fees in cases "sounding in tort" are expressly excluded from Sections 2412(d)(1)(A) and (B) of the EAJA.

There is no need in the present case to decide whether Section 2412 waives the sovereign immunity of the United States in FTCA cases. The reason is simple: there was no misconduct or bad faith on the part of the government in this case. The defense here was premised upon expert opinions which the court rejected in favor of the expert opinions offered by the experts for plaintiff. None of that means that the opinions of the experts for the government had no basis, were in bad faith, or were otherwise improper. Reasonable and responsible experts often differ in their professional opinions. This is not a case for fee shifting or any award of attorney's fees.

I also reject any suggestion that the United States Attorneys office in South Dakota is "hard balling" all FTCA cases. The court has observed a number of cases which have been settled to the satisfaction of both sides. I find nothing to indicate that the government, through its attorneys, is acting in bad faith or to harass litigants.

Now, therefore,

IT IS ORDERED that all applications and motions for attorney's fees are rejected and denied. This includes the relief sought in Docs. 88, 89, and 90.

Dated this 24th day of July, 2009.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *(signature)*
DEPUTY
(SEAL)